```
                                                                CLERK'S OFFICE U.S. DIST. COURT
                                                                   AT CHARLOTTESVILE, VA
                                    IN THE                                  FILED
                        UNITED STATES DISTRICT COURT                  JAN 1 5 2020
                                   FOR THE
                         WESTERN DISTRICT OF VIRGINIA              JULIA C. DUDLEY, CLERK
                           CHARLOTTESVILLE DIVISION                BY: /s/
                                                                        DEPUTY CLERK
```

IN RE:
SEARCH OF INFORMATION                )          CASE NO. 3:17-MJ-00058
ASSOCIATED WITH FACEBOOK USER ID     )
SEYMOUR.BUTS123 STORED AT            )          **UNDER SEAL**
PREMISES CONTROLLED BY               )
FACEBOOK, INC.                       )

### APPLICATION FOR ORDER COMMANDING FACEBOOK, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SEARCH WARRANT

The United States requests that the Court order **FACEBOOK, INC.** not to notify any person, including the subscribers and customers of the account(s) pertaining to identifier: **SEYMOUR.BUTS123**, of the existence of the search warrant for one hundred and eighty (180) days.

**FACEBOOK, INC.** is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the search warrant, which requires **FACEBOOK, INC.** to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the search warrant relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the target(s) to the ongoing investigation, and its disclosure may alert the target(s) to the fact that he/she is under investigation for violations of the

1

federal criminal code, including but not limited to potential violations of 18 United States Code, Section 2101. Accordingly, there is reason to believe that notification of the existence of the search warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b). Moreover, some of the evidence in this investigation is stored electronically. If alerted to the existence of the search warrant, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the Order directing **FACEBOOK, INC.** not to disclose the existence or content of the search warrant for one hundred and eighty (180) days, except that **FACEBOOK, INC.** may disclose the search warrant to an attorney for **FACEBOOK, INC.** for the purpose of receiving legal advice.

Christopher Kavanaugh
Assistant United States Attorney
255 W. Main Street, Suite 130
Charlottesville, Virginia 22902

DATE: January 14, 2020